In The U.S. District Court
Greenbelt, MD  20770

JUN 1 1 2012
AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| United States | Plaintiff ) | |
| v. | ) | Case #: 8:04-cr-00235-RWT-1 |
| Paulette Martin | Defendant ) | |

A Supplement
Motion For Resentencing And A Challenge To A Wrongful Conviction
See 28 USC § 2255 And High Court Precedents In "A. Jones", "Cooper", "Spencer"
And "Strickland".  See pp. 3-97 hereby attached

Defendant Paulette Martin prays that this Court Resentence her based on changes in the law and High Court precedents that were not available when she first went to prison.  The new precedents are namely:

I. Congress' recent change of the sanctions that the courts should impose on Defendants for powdered cocaine versus crack cocaine.  At least the disparity in sentencing has been minimized and that should favorably affect Defendant P. Martin.  See a Washington Post extract of 2/19/2012 hereby attached on page 3.  Also, Defendant deserves Resentencing because the government had no physical evidence of the exact amount of crack cocaine she allegedly had.  And since Federal Rule 801 forbids a court to use such "hearsay" in sentencing, this court should reconsider to Resentence her on this narrow issue of the change in law recently passed by Congress.

II. Also, since Defendant was incarcerated, the High Court has ruled that messages intercepted by a law enforcement agency not approved in advance by a court order shouldn't be admitted in a criminal proceeding.  Now, this precedent, "U.S. v. Antoine Jones", clearly tips the balance in the Defendant's favor for there is nothing in the Record that shows that all the intercepted messages that led to P. Martin's conviction were approved or renewed by court orders.  Now this is mitigating information the Prosecutor hid from the Defendant ahead of trial.  At least U.S. v. Antoine Jones, a case similar to Defendant Martin's should be read to evaluate the Defendant's motion for a new trial or reduction in sentence.  See pp. 9-36 hereby attached.

1

III.    That this Court should also note that the High Court's ruling in "Lafler v Cooper" when it ruled in 2012 that if a Defendant's attorney failed or didn't explain well to a Defendant prior to trial that a plea will yield a more lenient sentence than going to trial, then Defendant Martin, who also had ineffective counsel, should be given the benefit of that lower sentence for her trial attorney didn't explain too well the implication and the stiff sentence if she were to go to trial. Her trial counsel apparently wasn't vigorous enough to challenge the "hearsay" charge over the quantity of drugs linked to her.

Request for a "Hearing"

That the Defendant requests a "hearing" pursuant to her 4th Constitutional Amendment Right to be Resentenced or reopen her case for a new trial.

Conclusion

Defendant requests this Honorable Court to appoint her pursuant to her 6th Amendment Constitutional Right a good and honest Counsel. This request should be at no cost to the Defendant for she has run out of money and is deemed eligible for free legal representation under the Justice Department CJA Program. Also, she has a meritorious claim or justification to be Resentenced based on the above most recent High Court rulings cited above especially the 11th Circuit Ruling in the matter of Yuby Ramirez v. U.S., case # 10-10653DD where Ramirez similarly situated as Defendant Martin had her trial sentence reduced to what she would have gotten if she had been counseled properly by her attorney and accepted a plea. See pp. 4-8 hereby attached. This Court should also note for the Record that Martin deserves a break since she has used her time well in confinement as "Pepper" did.

Respectfully Submitted by: Paulette Martin, Defendant
# 38350-037
PO Box 3000
SFF, Hazelton
Bruceton Mills, WV 26525

Certificate of Service

That on this day of 6/10/2012 Defendant did mail by U.S. Postmaster a copy of this Request to the U.S. Attorney for Maryland, Rod Rosenstein at 36 South Charles St., 4th fl., Baltimore, MD 21201.

Paulette Martin

2