

96

*U.S. Department of Justice*

*United States Attorney*
*District of Maryland*

*Ellen Cobb*  *Suite 800*  DIRECT: *301-344-4126*
*Special Assistant United States Attorney*  *6406 Ivy Lane*  MAIN: *301-344-4433*
*Ellen.Cobb@usdoj.gov*  *Greenbelt, MD 20770*  FAX: *301-344-4516*

March 28, 2019

The Honorable Deborah K. Chasanow
United States District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    *United States v. Paulette Martin*
              Criminal No.:  DKC-04-235

Dear Judge Chasanow:

    We are writing to provide an update as to the government's position in this case pursuant to the Court's Order, dated March 25, 2019. ECF 1929.

## **BACKGROUND**

    On February 23, 2015, Paulette Martin ("Petitioner") filed a *pro se* "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) in Light of Retroactive Effect of Amendment (782) & Amendment 706." ECF 1755. Subsequently, on July 14, 2015, the Federal Public Defender's Office ("FPD") filed a Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of Amendment 782 to the U.S. Sentencing Guidelines on Petitioner's behalf.

    The Assistant United States Attorney who initially prosecuted the case, AUSA Deborah Johnston, took the lead on drafting the government's response to Petitioner's § 3582(c) motion, and vigorously opposed relief on two alternate grounds – ineligibility and discretionary denial. On March 16, 2016, the Honorable United States District Judge Roger W. Titus denied Petitioner's motion without a memorandum opinion, which left unclear whether the motion was denied on the basis of eligibility alone or on § 3553(a) factors. ECF 1806. Petitioner appealed the denial, and on October 4, 2016, the Fourth Circuit reversed and remanded, requiring the Court to state whether the denial was based on eligibility or discretion. *See United States v. Martin*, 669 F. App'x 132 (4th Cir. 2016). On remand, the Court again denied Petitioner's motion, stating that Petitioner was eligible and that the ruling was discretionary. Petitioner again appealed the denial, and the Fourth Circuit again reversed and remanded, stating, "the district court should explain to Martin why her sentence of life imprisonment for a nonviolent drug offense must remain undisturbed despite overwhelming evidence of rehabilitation." *United*

*States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019).

The government's position, in briefing and conducting oral argument during the course of the second appeal,[1] was that Judge Titus did not err, and that he exercised his considerable discretion, in denying Petitioner's motion. The government maintains this position, but feels that joint resolution is in the best interests of the parties and the Court at this stage of litigation.

## ANALYSIS

In light of the Fourth Circuit's ruling in this case, the government believes it best for the parties to avoid expending additional resources in further litigating this motion. Moreover, the government acknowledges that Ms. Martin stands out from the typical § 3582(c)(2) petitioner. With a sentence reduction to 360 months, Petitioner will likely be in her eighties at the time of her release. We believe that, in this individual circumstance, it is unlikely that she will pose any significant danger to the community at such an advanced age. Petitioner did not engage in violence during the course of her criminal conduct, and her post-sentencing conduct likely inures to her benefit under a § 3553(a) analysis. Additionally, the FPD points out that because Petitioner is serving a life sentence, she is prohibited from participating in full Bureau of Prisons programming. If her sentence were reduced, she would be eligible for good time credits as well as full programming opportunities. For all the above reasons, we believe a reduction to the low end of her amended guidelines – 360 months – is reasonable.

The government acknowledges that § 3582(c)(2) relief is ultimately within the discretion of the Court. We hope to ease the Court's burden in this case, in light of its unique set of circumstances, and remove our objection to relief from the equation.

Accordingly, the government joins Petitioner in requesting that this Court grant the instant motion for reduction of sentence under § 3582(c)(2), and reduce Petitioner's sentence to 360 months' incarceration.

                                                      Respectfully submitted,

                                                      Robert K. Hur
                                                      United States Attorney

By:          /s/_____
       Ellen E. Cobb
       Special Assistant United States Attorney

       _____/s/_____
       David I. Salem
       Assistant United States Attorney

---

[1] The government was not asked to brief or argue the issue presented in the first appeal.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 28, 2019 a copy of the foregoing Correspondence was delivered via ECF to Sapna Mirchandani, Esquire, counsel for the Petitioner.

          By:    _____/s/_____
                  Ellen E. Cobb
                  Special Assistant United States Attorney