# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# DISTRICT OF MARYLAND

SOUTHERN DIVISION
6411 IVY LANE, SUITE 710
GREENBELT, MARYLAND  20770
TEL: (301) 344-0600
FAX: (301) 344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

SAPNA MIRCHANDANI
ASSISTANT FEDERAL PUBLIC DEFENDER

April 2, 2019

The Honorable Deborah K. Chasanow
United States District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

**Supplement to Unopposed Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2)**

Re:   *United States v. Paulette Martin,* Case No. RWT-04-0235

Dear Judge Chasanow:

Please accept this letter as an update to the Unopposed Motion for a Reduced Sentence filed in the above-referenced case, which we are submitting in response to the Court's order dated March 25, 2019.

Ms. Martin has demonstrated remarkable rehabilitative progress during the nearly fifteen years she has spent in federal custody. *See* Bureau of Prisons Progress Report, July 2018 (attached as Exhibit A).[1] Although Ms. Martin has spent the majority of her time without any expectation of release, she has taken every opportunity to improve herself and enrich the lives of those around her. She earned her General Equivalency Degree in 2008, which she followed by taking hundreds of hours of computer and keyboarding courses. In 2013, Ms. Martin was assigned to the education department, where she began tutoring young women to prepare them for the GED exam. Over the next two years, Ms. Martin was "responsible for assisting over fifty inmates with completing and obtaining their GED," according to the Warden at the Federal Correctional Institution in Aliceville, Alabama. *See* Letter from Warden Washington-Adduci, Nov. 12, 2015 (attached as Exhibit C); List of Ms. Martin's students who earned GED (attached as Exhibit D). The Warden at FCI Aliceville described Ms. Martin as a "model inmate" with a "professional demeanor" who has demonstrated "genuine concern for [her] students' success." Although the letter was written several years ago (when Ms. Martin's motion for a reduced sentence was first pending), it is a testament to her commitment to improving the lives of others.

---

[1] In or around 2017, the Bureau of Prisons altered the format of its progress reports. Due to the brevity of Ms. Martin's most recent progress, which was completed in July 2018, we are enclosing an earlier, more comprehensive version of a progress report prepared in March 2016 (attached as Exhibit B). The March 2016 progress illustrates Ms. Martin's receipt of "outstanding" reviews for her work in the education department, as well as comments from BOP supervisors describing her as "[o]ne of the best FCI tutors" and "a valuable asset" to the department. *Id.* at 9.

The Honorable Deborah K. Chasanow
Page 2 of 2
April 2, 2019

      In addition to Ms. Martin's tireless work to improve the lives of her fellow inmates, she has maintained an exceptional disciplinary record. During her time in federal custody, Ms. Martin has not received a single (even minor) citation, which has earned her a designation to a low-security facility – in spite of the fact that she is serving a life sentence, which often requires placement in a higher-security facility. *See* BOP Progress Report, July 2018 (Ex. A), at 2; BOP Progress Report, March 2016 (Ex. B), at 4.

      As the Fourth Circuit stated in its opinion vacating the previous order denying Ms. Martin relief, "[her] journey toward rehabilitation is especially noteworthy because she was given a life sentence and had no idea that Amendment 782 would eventually arrive to give her a glimmer of hope. [Ms.] Martin strove to better herself and those around her without the prospect of any incentive or reward." *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019).

      Ms. Martin accepts responsibility for the serious drug offenses she committed many years ago. In light of her remorse, her minimal criminal history (Criminal History Category I), the absence of violence in her record, the fact that she neither used nor possessed a weapon to commit the offense, and her outstanding rehabilitative accomplishments after receiving a life term, she submits that a 360-month sentence, the low end of the guideline range, is sufficient to satisfy the goals of sentencing under 18 U.S.C. § 3553(a).[2]

      Please let me know if there is anything else I can provide to the Court, and thank you for your thoughtful consideration of this matter.

                        Respectfully submitted,

                        /s/
                        Sapna Mirchandani

cc:    David I. Salem, Assistant U.S. Attorney
        Ellen E. Cobb, Special Assistant U.S. Attorney

---

[2] Even if Ms. Martin is granted a reduced sentence of 360 months, she will be in her mid-80's before she leaves federal custody in or around 2030. With a non-life term, though, Ms. Martin may qualify for a lower security level and will have the opportunity to participate in BOP programs that are otherwise unavailable due to her life term.