

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | | | |
|---|---|---|---|
| *Ellen Nazmy* | *Mailing Address:* | *Office Location:* | *DIRECT: 301-344-4126* |
| *Special Assistant United States Attorney* | *6500 Cherrywood Lane, Suite 200* | *6406 Ivy Lane, 8th Floor* | *MAIN: 301-344-4433* |
| *Ellen.Nazmy@usdoj.gov* | *Greenbelt, MD 20770-1249* | *Greenbelt, MD 20770-1249* | *FAX: 301-344-4516* |

March 5, 2020

The Honorable Deborah K. Chasanow
United States District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    *United States v. Paulette Martin*
             Criminal No.: DKC-04-235

Dear Judge Chasanow:

      The Government respectfully submits this response to Petitioner Paulette Martin's supplement to her compassionate release motion, filed on February 12, 2021. ECF No. 2063.

      In her supplement, Ms. Martin notes that a recent memorandum opinion issued by the Department of Justice Office of Legal Counsel has modified the Bureau of Prison's policy with respect to inmates released to home confinement in order to protect them from the COVID-19 pandemic under the CARES Act. *Id*. at 2. The government agrees that this change has occurred. The memo states that when the pandemic no longer materially affects BOP's functioning, "the Bureau would be required to recall the prisoners to correctional facilities unless they are otherwise eligible for home confinement under 18 U.S.C. § 3624(c)(2)."[1] Moreover, due to the length of Ms. Martin's sentence, the government does not dispute that she will likely be returned to the Bureau of Prisons.

      Nevertheless, the government maintains its position that Ms. Martin's transfer to home confinement has mitigated her concern that incarceration within the Bureau of Prisons posed a risk of severe illness from COVID-19. When the pandemic has abated or ended, and/or when Ms. Martin has been appropriately vaccinated, and she returns to BOP, the same will be true. Therefore, the COVID-19 pandemic still does not satisfy the high bar required to establish extraordinary and compelling reasons for compassionate release. *See United States v. Taylor*, 2020 WL 3447761, at *4 (D. Md. June 23, 2020) ("compassionate release is a rare remedy") (citing *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020); *United States v. Mangarella*, FDW-06-151, 2020 WL 1291835, at *2-3 (W.D. N.C. Mar. 16, 2020); *White v.*

---

[1]    This memo can be found at: https://www.justice.gov/olc/file/1355886/download.

*United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019)). *See also United States v. Williams*, PWG-13-544, 2020 WL 1434130, at *3 (D. Md. March 24, 2020) ("Simply put, the coronavirus is not tantamount to a 'get out of jail free' card.").

Accordingly, the Government renews its request that this Court deny the requested relief.

          Respectfully submitted,

          Jonathan F. Lenzner
          Acting United States Attorney

By: _____/s/_____
          Ellen E. Nazmy
          Special Assistant United States Attorney

          _____/s/_____
          David I. Salem
          Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on March 5, 2021, a copy of the foregoing Response was delivered via ECF to Sapna Mirchandani, Esquire, counsel for Petitioner.

                                            By:    _____/s/_____
                                                     Ellen E. Nazmy
                                                     Special Assistant United States Attorney